IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| I.U.P.A.T. DISTRICT COUNCIL #57 COMBINED FUNDS on behalf of the TRUSTEES OF THE I.U.P.A.T. WELFARE FUND OF WESTERN PA AND THE I.U.P.A.T. WESTERN PA ANNUITY FUND AND THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL #57,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>FORMAT DRYWALL, INC.,<br><br>　　　　　　Defendant. | Civil Action 10-1457<br><br>Honorable Arthur J. Schwab |

**MOTION TO STRIKE DEFENDANT'S SECOND AND THIRD AFFIRMATIVE DEFENSES**

　　　　Plaintiff I.U.P.A.T. District Council #57 Combined Funds, by and through their attorneys, Tucker Arensberg, P.C., files the following Motion to Strike Defendant's Second and Third Affirmative Defenses pursuant Federal Rule of Civil Procedure 12(f).

　　　　1.　　Plaintiff I.U.P.A.T. District Council #57 Combined Funds ("Plaintiff") initiated this action seeking delinquent fringe benefit contributions owed to Plaintiff by Defendant Format Drywall, Inc. ("Defendant") under a collective bargaining agreement between Defendant and the International Union of Painters and Allied Trades District Council #57 ("Union").

　　　　2.　　Defendant filed an Answer to Plaintiff's Complaint denying liability on the grounds that Plaintiff's claim for liquidated damages is illegal and that Plaintiff is estopped from suing because it waived those rights through various oral statements made by Union officers.  Answer and Counterclaim at ¶¶ 17-21.

　　　　3.　　Both of these affirmative defenses are deficient as a matter of law and should be stricken from Defendant's Answer.

4. 29 U.S.C. § 1132(g)(2) not only permits, but mandates, liquidated damages, so Defendant's claim that the claim for liquidated damages is illegal is patently wrong. This defense must be stricken.

5. There are only three affirmative defenses Defendant may assert against Plaintiff: (1) that the fund contributions themselves are illegal; (2) that the collective bargaining agreement is void *ab initio*; and (3) that the employees have decertified the union as its bargaining representative. Agathos v. Starlite Motel, 977 F.2d 1500, 1505 (3d Cir. 1992).

6. Defendant's Second and Third Affirmative Defenses are stillborn. As stated above, 29 U.S.C. § 1132(g)(2) expressly contemplates liquidated damages and thus Plaintiff's claim for liquidated damages cannot be illegal. Further, waiver and estoppel do not even superficially fall within the three available defenses. Defendant's Third Affirmative Defense must be stricken.

WHEREFORE, Plaintiff I.U.P.A.T. District Council #57 Combined Funds respectfully requests this Honorable Court enter an Order striking Defendant Format Drywall, Inc.'s Second and Third Affirmative Defenses for being insufficient defenses.

Respectfully submitted,

TUCKER ARENSBERG, P.C.

By: /s/ Jeffrey J. Leech
Jeffrey J. Leech, Esquire
Pa. I.D. No. 19814
Owen J. McGrann, Esquire
PA I.D. No. 307697
1500 One PPG Place
Pittsburgh, PA 15222

Counsel for the Plaintiff:
I.U.P.A.T. District Council #57 Combined Funds

LIT: 492589 016795-124261