IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| I.U.P.A.T. DISTRICT COUNCIL #57 COMBINED FUNDS on behalf of the TRUSTEES OF THE I.U.P.A.T. WELFARE FUND OF WESTERN PA AND THE I.U.P.A.T. WESTERN PA ANNUITY FUND AND THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL #57, <br><br>             Plaintiff, <br><br>   vs. <br><br> FORMAT DRYWALL, INC., <br><br>             Defendant. | Civil Action 10-1457 <br><br> Honorable Arthur J. Schwab |

## MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

Plaintiff I.U.P.A.T. District Council #57 Combined Funds ("Funds"), by and through its counsel, Tucker Arensberg, P.C., files the following Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

1. Plaintiff filed a Complaint pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), stating that Defendant Contractor Format Drywall, Inc. ("Defendant") failed to pay fringe benefit contributions and wage deductions to Plaintiff Funds in violation of the collective bargaining agreement it entered into with I.U.P.A.T. District Council # 57 and/or its affiliated local unions.  Complaint at ¶ 2.

2. Defendant filed a Counterclaim, attempting to assert an ERISA claim against Plaintiff based on various spurious allegations regarding the Funds' third party administrator. Answer and Counterclaim at ¶¶ 23-28.

3. Defendant has no standing, under ERISA or otherwise, to bring the claim articulated in the Counterclaim.

4. Only certain categories of claimants may bring ERISA claims.  Specifically, 29 U.S.C. § 1132 permits civil suits to be brought by participants, beneficiaries, fiduciaries, or the

Secretary of Labor.  These are the only categories of claimants who have standing under the express terms of ERISA.

5. Defendant claims standing by virtue of being an "interested party."  Answer and Counterclaim at ¶ 23.

6. While it may be the case that Format Drywall, Inc. is a party in interest, ERISA does not grant a party in interest standing to bring a civil claim.  The terms "participant," "beneficiary," "fiduciary," and "party in interest" are all defined in 29 U.S.C. § 1002.  The term "party in interest" does include participants, beneficiaries, and fiduciaries, but it includes many other categories as well.  Had Congress wanted to extend standing to all interested parties, it would have.  Instead, it specifically limited standing to participants, beneficiaries, and fiduciaries.  Defendant does not claim to be any of these.

7. Further, even assuming that Defendant's allegations are true for the purpose of this Motion (and Plaintiff denies that they are), Defendant suffered no injury from the third party administrator's alleged conduct.  Defendant does not allege, because it cannot, that any of Plaintiff's claims against Format Drywall, Inc. arose from the third party administrator's alleged conduct.  Answer and Counterclaim at ¶¶ 23-28.

8. If Defendant's Counterclaim arises under ERISA, it does not have standing under 29 U.S.C. § 1132.  If Defendant's Counterclaim arises some other, undefined, cause of action, it does not have standing because it did not suffer any injury based on the acts alleged in the Counterclaim.

9. Defendant's Counterclaim must be dismissed for lack of standing.

WHEREFORE, the Plaintiff, I.U.P.A.T. District Council #57 Combined Funds, respectfully requests this Honorable Court enter an Order dismissing Defendant Format Drywall, Inc.'s Counterclaim, with prejudice.

Respectfully submitted,

TUCKER ARENSBERG, P.C.


By: */s/ Jeffrey J. Leech*
    Jeffrey J. Leech, Esquire
    Pa. I.D. No. 19814
    Owen J. McGrann, Esquire
    PA I.D. No. 307697
    1500 One PPG Place
    Pittsburgh, PA 15222

    Counsel for the Plaintiff:
    I.U.P.A.T. District Council #57 Combined Funds

LIT:492582-1 016795-124261

Case 2:10-cv-01457-AJS   Document 14   Filed 12/22/10   Page 4 of 4