IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| I.U.P.A.T. DISTRICT COUNCIL #57 COMBINED FUNDS on behalf of the TRUSTEES OF THE I.U.P.A.T. WELFARE FUND OF WESTERN PA AND THE I.U.P.A.T. WESTERN PA ANNUITY FUND AND THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL #57,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>FORMAT DRYWALL, INC.,<br><br>　　　　Defendant. | Civil Action 10-1457<br><br>Honorable Arthur J. Schwab |

### BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

Plaintiff I.U.P.A.T. District Council #57 Combined Funds, by and through its attorneys, Tucker Arensberg, P.C., files the following Brief in Support of Motion to Dismiss Defendant's Counterclaim.

### I. FACTS

Plaintiff I.U.P.A.T. District Council #57 Combined Funds ("Plaintiff") instituted this action to recover delinquent fringe benefit contributions and wage deductions owed to Plaintiff by Defendant Format Drywall, Inc. ("Defendant") under a collective bargaining agreement between Defendant and the International Union of Painters and Allied Trades District Council #57 ("Union").  Complaint at ¶¶ 2, 6, 7.  Defendant filed a Counterclaim arising, it seems, under ERISA.  Answer and Counterclaim at ¶¶ 23-28.

## II. DISCUSSION

Fed. R. Civ. P. 12(b)(1) states that a court may dismiss any claim for which it lacks subject-matter jurisdiction. It is well settled that when a party lacks Article III standing to assert a claim, federal district courts do not have subject-matter jurisdiction. Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006).

### A.     Defendant Does Not Have Standing Under ERISA.

Defendant makes various spurious allegations regarding the third party administrator of the benefit funds at issue in this case. Answer and Counterclaim ¶¶ 24, 25. Defendant makes several other allegations regarding allocation of interest. Answer and Counterclaim ¶¶ 26, 27.

Even if the allegations are true, Defendant has no standing to bring these claims. Only certain categories of claimants may bring ERISA claims. Specifically, 29 U.S.C. § 1132 permits civil suits to be brought by participants, beneficiaries, fiduciaries, or the Secretary of Labor. These are the only categories of claimants who have standing under the express terms of ERISA. See Franchise Tax Bd. V. Constr. Laborers Vacation Trust, 463 U.S. 1, 21, 25 (1983) ("The express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties, see *infra*, at 25, as to whom Congress presumably determined that a right to enter federal court was necessary to further the statute's purposes.")

Format Drywall, Inc. does not fall into any of these categories. Although it attempts to bypass this standing requirement by asserting that it is an "interested party" under ERISA, this argument fails. The terms "participant," "beneficiary," "fiduciary," and "party in interest" are all defined in 29 U.S.C. § 1002. The term "party in interest" does include participants, beneficiaries, and fiduciaries, but it includes many other categories as well. Had Congress wanted to extend standing to all interested parties, it would have. Instead, as the Supreme Court of the United States unequivocally held, standing in ERISA cases is limited exclusively to participants, beneficiaries, fiduciaries, and the Secretary of Labor.

Defendant has no standing to bring a civil ERISA claim and, as such, the Counterclaim must be dismissed for want of jurisdiction.

### B. Defendant Cannot Assert Standing Because It Does Not Allege It Suffered Any Injury.

Defendant's Counterclaim is essentially filed on behalf of the Funds' participants, alleging that certain acts of the third party administrator violated ERISA and diminished the assets of the Funds.  Not only does Defendant lack standing to assert a civil ERISA claim, it lacks standing of any sort as it does not allege any injury in fact to Format Drywall, Inc.  No party has standing unless it has been injured by the activity alleged in its claim.  Taliaferro, 458 F.3d at 189; Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 295 (3d. 2003).  Defendant's Counterclaim has not "stated an injury in fact that is particularized and imminent," except (assuming its allegations are true) perhaps an injury to the funds.  Storino, 322 F.3d at 295.  This does not confer standing on Defendant.

Again, Defendant lacks standing.  The Counterclaim must be dismissed for want of jurisdiction.

### III. CONCLUSION

Defendant lacks standing to assert the Counterclaim.  Therefore, Defendant's Counterclaim must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for want of subject-matter jurisdiction.

TUCKER ARENSBERG, P.C.

By: */s/ Jeffrey J. Leech*
    Jeffrey J. Leech, Esquire
    Pa. I.D. No. 19814
    Owen J. McGrann, Esquire
    PA I.D. No. 307697
    1500 One PPG Place
    Pittsburgh, PA 15222

    Counsel for the Plaintiff

LIT:492628-1 016795-124261