IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

I.U.P.A.T. DISTRICT COUNCIL #57
COMBINED FUNDS,

        Plaintiff,

v.

FORMAT DRYWALL, INC.,

        Defendant.

10cv1457
**ELECTRONICALLY FILED**

## Memorandum Order

This is an action brought pursuant to the Employee Retirement Income Security Act of 1974 (ERISA). Plaintiff alleges that defendant contractor Format Drywall, Inc. failed to pay fringe benefit contributions and wage deductions to plaintiff in violation of the collective bargaining agreement between the parties.

Defendant filed an answer and counterclaim asserting three affirmative defenses and a counterclaim against plaintiff. Plaintiff has filed a "Motion to Strike Defendant's Second and Third Affirmative Defenses" (doc. no. 12), and a "Motion to Dismiss the Counterclaim" (doc. no. 14). For the reasons set forth below, this Court will GRANT the Motion to Strike and will DENY AS MOOT the Motion to Dismiss the Counterclaim (doc. nos. 12 and 14).

**1. Motion to Strike Defendant's Second and Third Affirmative Defenses (doc. no. 12)**

In its second and third affirmative defenses, defendant alleges that plaintiff's claim for liquidated damages is illegal and that plaintiff should be estopped from bring suit because it waived those rights through various oral statements made by union officers. Doc. No. 6 at ¶¶17-21.

Contrary to the allegations of defendant's second affirmative defense that the claim for liquidated damages is "illegal," the language of Title 29, United States Code, Section 1132(g)(2) specifically mandates an award of liquidated damages.

In pertinent part, section 1132(g)(2) states:

> "In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145, the court shall award the plan . . . (C) an amount equal to the greater of - - (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law)."[1]

As for defendant's third affirmative defense that plaintiff should be estopped from suing because it waived its rights to bring suit through various oral statements made by union officers, this defense does not even remotely fall within the three affirmative defenses recognized by the United States Court of Appeals for the Third Circuit in *Agathos v. Starlite Motel*, 977 F.2d 1500, 1505 (3d Cir. 1992).

In *Agathos*, the Court of Appeals for the Third Circuit recognized only three limited defenses as a means of avoiding the obligation to contribute to employee benefit plans: (1) that the fund contributions themselves are illegal; (2) that the collective bargaining agreement is *void ab initio*; and/or, (3) that the employees have decertified the union as its bargaining representative, thus prospectively voiding the union's collective bargaining agreement. Id. at 1505. Simply put, defendant's affirmative defense of waiver and estoppel do not even ostensibly fall within the three limited defenses countenanced by the Third Circuit.

For these reasons, plaintiff's motion to strike defendant's second and third affirmative defenses (doc. no. 12) is GRANTED, and said defenses are hereby stricken from the answer.

---

[1] However, to the extent that defendant challenges the accuracy of plaintiff's calculation of liquidated damages in the amount of $17,831.58 (which does not comport with a demand of a flat 10% of an alleged delinquency of $97,288.05), the parties shall meet and confer and file a Joint Status Report setting forth the resolution of this issue on or before January 24, 2011.

**2. Motion to Dismiss Defendant's Counterclaim (doc. no. 14)**

Defendant has filed a counterclaim attempting to assert an ERISA claim against plaintiff and has alleged that plaintiff retains and improperly allocates 100% of interest paid into the Fund in connection with late payments to the Fund's Health and Welfare Fund even though the interest payment is for both the Annuity Fund and the Health and Welfare Fund. According to the counterclaim, the Annuity Fund is therefore "illegally deprived of the moneys paid by the Defendant on behalf of the Annuity Fund." Doc. No. 6, ¶ 27. Further, defendant claims to be "an interested party as defined by ERISA" Doc. No. 6, ¶ 23.

Plaintiff has filed a motion to dismiss arguing that this Court lack subject matter jurisdiction over this counterclaim because defendant/counterclaimant does not have standing to bring this claim. A Court may dismiss any claim for which it lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

When a party lack standing under Article III of the United States Constitution, a federal district court does not have subject matter jurisdiction to address a claim. *Taliaferro. v. Darby Tp. Zoning Bd*. 458 F.3d 181, 188 (3d Cir. 2006).

Only certain categories of claimants may bring claims under ERISA. Civil suits may be brought under Title 29 United States Code Section 1132 by participants, beneficiaries, fiduciaries, or the Secretary of Labor. See *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 21, 25 (1983)("The express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties, *see infra*, at 25, as to whom Congress presumably determined that a right to enter federal court was necessary to further").

Defendant Format Drywall, Inc. does not fit into any of the above listed categories. To the extent defendant alleges that it possesses standing as a "party in interest", standing in

3

ERISA cases is limited exclusively to participants, beneficiaries, fiduciaries, and the Secretary of Labor. Because defendant lacks standing to bring suit under ERISA, this Court is without subject matter jurisdiction to address this counterclaim, and therefore, plaintiff's motion to dismiss the counterclaim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) would be GRANTED. However, because defendant, in its response to plaintiff's motion to dismiss defendant's counterclaim, withdrew its counterclaim, the motion to dismiss the counterclaim is DENIED AS MOOT.

**SO ORDERED** this 14th day of January, 2011.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties